## C. E. ANDERSON v. DELTA NATIONAL BANK.

Decided June 24, 1910.

**Vendor and Vendee—Outstanding Lien—Transactions of Bank—Notice to Officer.**

By agreement between a vendor and vendee of land the sale was rescinded, the vendee surrendering possession of the land and delivering to the vendor the deed, which had never been recorded, and the vendor agreeing to destroy the purchase money notes; between the date of the purchase and the rescission the vendor had hypothecated the said notes with a bank to secure a loan and consequently could not destroy them; several years afterwards the said vendor sold the same land to a third party who was a director and vice-president of the bank at the time the loan was negotiated and knew of the hypothecation of the notes. Held, said second purchaser was charged with notice of the transactions with the bank and of the outstanding lien on the land and therefore could not claim that he was an innocent purchaser of the land as against a suit by the bank to foreclose the lien.

Appeal from the District Court of Delta County. Tried below before Hon. R. L. Porter.

*Newman Phillips,* for appellant.—That appellant could rely on the title as shown by the deed record: Patterson v. Tuttle, 27 S. W., 758; Saunders v. Isbell, 5 Texas Civ. App., 513; Halbert v. DeBode, 40 S. W., 1011; Hill v. Moore, 62 Texas, 610; Moran v. Wheeler, 26 S. W., 297; Lewis v. Cole, 60 Texas, 341; Biggerstaff v. Murphy, 3 Texas Civ. App., 363; Peterson v. McCauley, 25 S. W., 826.

*J. L. Young,* for appellee.—Cited: West Lumber Company v. Lyon, 116 S. W., 654, 655; Moody v. Martin, 117 S. W., 1016; Harold v. Sumner, 78 Texas, 583; Ramirez v. Smith, 94 Texas, 191; Mainwarring v. Templeman, 51 Texas, 212-3; Glendenning v. Bell, 70 Texas, 632, 634; Smith v. James, 22 Texas Civ. App., 156; Frugia v. Trueheart, 106 S. W., 739; Hardy v. DeLeon, 5 Texas, 244; McPhail v. Burris, 42 Texas, 146; Fisk v. Flores, 43 Texas, 342; Gonzales v. Batts, 20 Texas Civ. App., 425: Dean v. Hudson, 1 Posey U. C., 369; Caruth v. Grigsby, 57 Texas, 265; Marshall v. Marshall, 42 S. W., 353; Houston v. Dickson, 66 Texas, 81; Texarkana Natl. Bank v. Daniel, 31 S. W., 705.

RAINEY, CHIEF JUSTICE.—Appellee brought this suit against R. L. Combs, L. Tomlinson and C. E. Anderson to recover on certain promissory notes executed by L. Tomlinson to R. L. Combs and transferred to appellee by Combs as collateral security for certain indebtedness due it by Combs, and to foreclose a vendor's lien on a certain tract of land claimed by C. E. Anderson.

The defendant Tomlinson answered by plea in substance that on the 15th day of August, 1901, he bought, or rather contracted for, two certain tracts of land in Lamar County, from R. L. Combs. That in payment therefor he executed to Combs on said date a series of notes, the ones described in plaintiff's pleading being a part of the series. That on said date Combs delivered to him a deed to said land reserving in the deed the vendor's lien to secure payment of all the notes executed by Tomlinson to Combs. That there were four of the notes, maturing respectively in 1902-3-4 and 1905. That in 1902, about the time of the maturity of the first note, seeing that he would be unable to pay any of the notes, he went to Combs and offered to deliver the land back to him in consideration of a cancellation of all the notes. That Combs accepted his offer, and that as he had not had his deed from Combs recorded or filed for record he simply gave the deed back over to Combs and surrendered possession of the land back to him in settlement of the notes. That Combs agreed with him to destroy the notes or mark them paid and deliver them to Tomlinson at some later time, the notes not being before them at that time. That if the plaintiff bank ever possessed any of the notes as collateral it was after his settlement with Combs, and after a part of the series was due, and that the bank took them, if at all, with notice of his defense against their payment.

The defendant Anderson plead a purchase of the land on November 26, 1906, which was covered by the Tomlinson notes. That he bought the land in good faith from R. L. Combs, paying a valuable consideration therefor without notice of the bank's claim in the Tomlinson notes and that he was an innocent purchaser in good faith for value.

A trial resulted in a verdict and judgment for appellee, for the amount claimed, against Tomlinson and Combs and against Anderson foreclosing the lien, and Anderson alone prosecutes this appeal.

The pivotal question in this case is: Was Anderson an innocent pur-

chaser of the land as against the lien claimed by appellee? We think not. The facts are that in August, 1901, Combs and wife conveyed the said land to L. Tomlinson in consideration of $100 in cash and four promissory notes executed by said Tomlinson, a lien to secure their payment being reserved in said conveyance. On November 29, 1901, Combs borrowed from appellee $325, executing his note therefor and placing with the bank three of the said Tomlinson notes as collateral security. On the execution of the conveyance by Combs and wife, Tomlinson took possession of, used and cultivated the land until the fall of 1902, when he concluded he could not pay for it. Combs agreed to take back the land and cancel the notes, telling Tomlinson he did not have them but would get and destroy them, whereupon Tomlinson turned the deed back to Combs with the intent to cancel the trade. Combs never paid the bank or took any steps toward getting the notes cancelled, and said notes were held at the institution of this suit by the bank as collateral security for the Combs indebtedness. At the time said notes were placed with the bank Anderson was a director and vice-president of the bank. He is the father-in-law of R. L. Combs and was familiar with the transactions between Combs and Tomlinson—that is, he knew of the conveyance, the execution of the notes and the turning back of the deed to Combs by Tomlinson—but claims he did not know of the existence of the notes when he purchased the land from Combs in 1906. The conveyance from R. L. Combs and wife to Tomlinson was never recorded.

The Tomlinson notes were placed with the bank before the attempted rescission was made and before either of the said notes had become due. The bank took the notes without notice of any defense against them, and for a valuable consideration.

We conclude that Anderson is not an innocent purchaser of the land, and the verdict and judgment foreclosing the lien are fully supported by the evidence.

While we have duly considered the various assignments of error presented by appellant, we think it unnecessary to discuss them, as no other judgment could have been properly rendered under the facts about which there is no material controversy. The judgment is affirmed.

*Affirmed.*